UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. FISHER,
Plaintiff,

vs.

DR. CATALDI, et al.,
Defendants.

Case No. 1:16-cv-605

Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, a prisoner at the Lebanon Correctional Institution, brings this action under 42 U.S.C. § 1983 against defendants Dr. Cataldi and Ms. Smith, R.N. This matter is before the Court on (1) plaintiff's motion for appointment of counsel (Doc. 11) and defendants' opposing memorandum (Doc. 12), and (2) defendant Dr. Cataldi's "Motion to Strike Plaintiff's 'Response to Defendant's Answer to Complaint'" (Doc. 13), to which plaintiff has not filed a response.

**I. Plaintiff's motion for appointment of counsel (Doc. 11)**

Plaintiff moves the Court to appoint counsel to represent him in this case. (Doc. 11). Plaintiff alleges he is unable to afford counsel and his imprisonment will greatly restrict his ability to litigate this matter. Plaintiff asserts that the issues involved in this case are complex and will require significant research and investigation, but he has limited access to the law library and limited knowledge of the law. Plaintiff further alleges that a trial in this case will likely involve conflicting testimony, and counsel would assist him in cross-examining witnesses and presenting evidence. In response, defendants argue this case does not present exceptional circumstances which would warrant the appointment of counsel. (Doc. 12). Defendants allege that the case is relatively straightforward and plaintiff has demonstrated his ability to articulate his positions and advocate on his own behalf through his submissions to the Court.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances it will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, the Court will deny plaintiff's motion for appointment of counsel (Doc. 11).

**I. Defendant's motion to strike (Doc. 13)**

Plaintiff filed an "Answer to Defendants [sic] Motion (Doc. #7)" on September 1, 2016. (Doc. 10). Plaintiff's filing is a response to defendants' answer to the complaint (Doc. 7), which plaintiff has construed as a motion to dismiss the complaint. (Doc. 10). Plaintiff argues that the Court should deny the "motion." (Doc. 10). Defendant Cataldi contends the Court should either strike plaintiff's filing pursuant to Fed. R. Civ. P. 12(f) or allow the document to remain in the case file but disregard it on the ground it is an unauthorized pleading under Fed. R. Civ. P. 7(a)(7). (Doc. 13). Defendant alleges that plaintiff's filing is an impermissible "reply" to the answer defendants filed on August 8, 2016 (*see* Doc. 7). (Doc. 13 at 3).

Motions to strike are governed by Fed. R. Civ. P. 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Included in Rule 7(a)'s definition of a pleading is "a reply to an answer" if ordered by the court. Fed. R. Civ. P. 7(a)(7). By the plain language of the rule, a reply to an answer is not appropriate unless ordered by the court. *Id*.

2

Here, it is clear from the substance of plaintiff's "Answer to Defendants [sic] Motion" that it is a reply to defendants' answer. Plaintiff filed the reply to defendants' answer in the absence of a court order. Consequently, plaintiff's filing is not permitted by the Federal Rules of Civil Procedure. It is therefore appropriate to strike the unauthorized pleading from the record.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED**.

2. Defendant Cataldi's motion to strike plaintiff's reply to the answer (Doc. 13) is **GRANTED**. The Clerk is **DIRECTED** to strike "Plaintiff's Answer to Defendants Motion" (Doc. 10) from the record.

Date: 10/20/16

Karen L. Litkovitz
United States Magistrate Judge

3