UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. FISHER,
Plaintiff,

vs.

DR. CATALDI, et al.,
Defendants.

Case No. 1:16-cv-605
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Madison Correctional Institution, brings this pro se prisoner civil rights action under 42 U.S.C. § 1983 against defendants Dr. Cataldi and Ms. Smith, R.N., for violations of his constitutional rights that allegedly occurred while he was incarcerated at the Lebanon Correctional Institution. This matter is before the Court on (1) plaintiff's motion to appoint counsel (Doc. 21) and defendants' response in opposition (Doc. 23), (2) plaintiff's motion to set a trial date (Doc. 22), and (3) defendant Smith's motion to dismiss the complaint (Doc. 24) and plaintiff's response in opposition (Doc. 26).

**I. Motion to dismiss**

**1. Plaintiff's complaint**

Plaintiff claims violations of his Eighth Amendment rights by defendants. In support of his claims, plaintiff alleges he had surgery after learning in September 2015 he had prostate cancer and that since the surgery he has had discharge and bleeding from his rectum. (Doc. 4). Plaintiff alleges that a urologist has ordered that he be seen for these symptoms but Dr. Cataldi has "overlooked" his symptoms. (*Id.*). Plaintiff also contends that Dr. Cataldi has "overlooked" nodules on a lobe of his lung. In addition, plaintiff alleges he has issues with chronic pain and with pain medication. Plaintiff states he has experienced chronic pain since undergoing open heart surgery in 2005 and he experiences pain during bowel movements. Plaintiff contends that

Dr. Cataldi has tried to make him quantify the number of times he experiences pain even though the pain is chronic. Plaintiff alleges that Dr. Cataldi has caused the unnecessary and wanton infliction of pain.[1] (*Id.*).

Plaintiff alleges defendant Smith is a health care administrator whose "job is to make sure that the doctor is given [sic] each inmate proper care." (*Id.* at 8). Plaintiff's allegations against Ms. Smith in the complaint read in full as follows:

> Ms. Smith has allowed Dr. Cataldi to violate policies. Ms. Smith has said to me on 4-24-16 'You do what you have to do, I'm gonna do what I have to do.' Ms. Smith has read the 'Court Order.' I set down a number of times with R.N. Smith and she herself has stated that I do have a complex medical history. And Ms. Smith has even stated 'old man' your getting old. And we even laugh about that statement. Ms. Smith has even saw the neglect from Dr. Cataldi, but also refused to do anything about it.

(*Id.*).

**2. Applicable Law**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts which, if accepted as true, are sufficient to both "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the court must accept all well-pleaded factual allegations in the complaint as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must "construe the plaintiff's complaint liberally, in plaintiff's favor, accepting all factual allegations as true and drawing all reasonable inferences

---

[1] Plaintiff alleges he filed a prior lawsuit regarding the chronic pain issue, which was settled.

in favor of the plaintiff." *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The claim at issue here is an alleged denial of medical treatment in violation of plaintiff's Eighth Amendment rights. (Doc. 4 at 7-8). Plaintiff's Eighth Amendment claim is brought under 42 U.S.C. § 1983, which prohibits any person "under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving a United States citizen "of any rights, privileges or immunities secured by the constitution and laws." To prevail on a § 1983 claim, a plaintiff must demonstrate "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, the plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle*, 429 U.S. at 106; *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A constitutional claim for denial of medical care has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001). The objective component requires the existence of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834. A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a

lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison*, 539 F.3d at 518). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). In sum, to prove the subjective component, the plaintiff must show that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 837-38.

Prison officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Rather, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal citations omitted); *see also Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights") (internal citations omitted). An official's failure to supervise the "offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Lutrell*, 199 F.3d at 300 (internal citations omitted).

4

### 3. Defendant Smith's motion to dismiss should be denied.

Defendant Smith moves to dismiss the complaint under Rule 12(b)(6) on the ground it fails to state a claim to relief against her. (Doc. 24). Smith argues the allegations of the complaint are nonsensical, are unsupported by specific facts, and do not give her sufficient notice of the basis of plaintiff's claim against her. Smith alleges that it is "common sense" that a "Nurse does not oversee" a doctor, and the *Twombly* standard is not satisfied because plaintiff does not allege what policies Smith purportedly allowed Dr. Cataldi to violate. (*Id.* at 7). Smith also alleges that plaintiff's allegation that she saw Dr. Cataldi's neglect but "refused to do anything about it" is conclusory and "self-serving" and plaintiff has not made any other allegations that could support an Eighth Amendment claim against her. (*Id.* at 8). In response, plaintiff alleges that Smith's job as "health care admin[istrator]" was to make sure each inmate was receiving proper medical care. (Doc. 26 at 2). Plaintiff contends that Smith was aware of the medical symptoms described in the complaint that Dr. Cataldi allegedly failed to treat and she acknowledges that plaintiff has a complex medical history. (*Id.*). Plaintiff also alleges that Smith handled any complaints plaintiff had about Dr. Cataldi. (*Id.*).

Construing the pro se complaint liberally, the Court finds that plaintiff has stated a claim against defendant Smith for violation of his Eighth Amendment rights. First, plaintiff has alleged facts that show he had a "sufficiently serious" medical need so as to satisfy the objective component of an Eighth Amendment claim. *Farmer*, 511 U.S. at 834. Plaintiff alleges that he suffers residual symptoms following surgery for prostate cancer for which a urologist has ordered he be seen, he has nodules on his lung, and he suffers from chronic pain, including pain with bowel movements. (Doc. 4 at 7). In addition, although the allegations of the complaint could be clearer, they are sufficient to permit an inference that Smith was directly involved in plaintiff's care and that she subjectively knew of a risk to plaintiff's health from Dr. Cataldi's

alleged failure to treat plaintiff, she drew the inference that a substantial risk of harm to plaintiff existed, and she consciously disregarded that risk. *Farmer*, 511 U.S. at 837-38. Because plaintiff has adequately alleged that defendant Smith had knowledge of his serious medical needs and was deliberately indifferent to those needs, Smith should not be dismissed from this lawsuit at the pleading stage.

**II. Plaintiff's motions to appoint counsel/set a trial date**

Plaintiff moves the Court to appoint counsel for him. (Doc. 21). Plaintiff seeks to have counsel appointed to represent him because he contends his imprisonment will greatly limit his ability to litigate this matter. Plaintiff asserts he needs the assistance of counsel because Dr. Cataldi has allegedly given perjured answers to plaintiff's interrogatories, and the issues in this case will require significant research and investigation. Plaintiff further contends that conflicting testimony will likely be offered at trial, and counsel would better enable him to present evidence and cross-examine witnesses.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. The Court will therefore deny plaintiff's motion for appointment of counsel (Doc. 21).

Plaintiff also moves the Court to set a trial date in this matter. Plaintiff notes that the Court issued a Calendar Order on August 9, 2016, setting discovery and dispositive motion deadlines with final pretrial conference and trial dates to be set if necessary after all dispositive motions are ruled on. (Doc. 8). The Court recently extended the dispositive motion deadline to July 14, 2017. (Doc. 28). Accordingly, it would be premature to set a trial date at this time.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Smith's motion to dismiss for failure to state a claim for relief (Doc. 24) be **DENIED.**

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. 21) is **DENIED**.
2. Plaintiff's motion to set a trial date (Doc. 22) is **DENIED**.

Date: 7/12/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. FISHER,
Plaintiff,

vs.

DR. CATALDI, et al.,
Defendants.

Case No. 1:16-cv-605
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).